# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY HARRIS, | ) |
|           Petitioner, | ) Civil Action No. 2: 14-cv-1191 |
| v. | ) Senior United States District Judge |
| | ) Terrence F. McVerry |
| KIMBERLY A. BARKLEY et al., | ) United States Magistrate Judge |
| | ) Cynthia Reed Eddy |
|           Respondents. | ) |

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

Presently before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Stanley Harris ("Harris" or "Petitioner") (ECF No. 4). In his petition, Harris challenges the decision of the Pennsylvania Board of Probation and Parole (the "Board") to deny him parole. For the reasons that follow, it is recommended that the Petition be dismissed and a certificate of appealability be denied.

**II.    REPORT**

    **A.    Relevant and Procedural Background**

Harris is a prisoner incarcerated at the State Correctional Institution – Greene. Because it is the Board's most recent parole decision that is at issue in this case, Harris's criminal and parole history is recounted only briefly. On May 14, 1980, Harris was released on parole from sentences for robbery and voluntary manslaughter imposed by the Court of Common Pleas of Philadelphia County to a detainer sentence. (ECF No. 9-1, Exh. 1). On September 24, 1982, the Board issued a decision to detain Harris pending disposition of new criminal charges. On December 12, 1983, after being convicted of burglary by a jury in the Court of Common Pleas of

1

Philadelphia County, Harris was sentenced to 5 to 15 years. Thereafter, the Board issued a decision that revoked Harris's parole as a technical parole violator, for violating his parole conditions, and as a convicted parole violator. Although his maximum term was originally to have expired on August 10, 2001 (*Id*. at Exh. 3), Harris has been repeatedly paroled then returned to prison for various offenses. On July 19, 2013, the Board issued a decision that established Harris's parole violation maximum date on the December 12, 1983, burglary sentence as January 16, 2019. (*Id*. at Exh. 25).

On May 22, 2014, the Board issued a decision that denied Harris parole from the December 12, 1983 Burglary sentence and scheduled him for review in or after April of 2015. The Pennsylvania Department of Corrections inmate locator reflects that Harris remains incarcerated at SCI-Greene.

Following the May 22, 2014, denial of his parole, Harris commenced the present action on September 4, 2014, pursuant to 28 U.S.C. § 2254 by filing a petition for writ of habeas corpus. Harris claims that his rights under the Ex Post Facto, Equal Protection, and Due Process Clauses of the United States Constitution were violated by the Board's denial of parole. (ECF No 4).

This case is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254. Under this statute, habeas relief is only available on the grounds that Fluker is in custody in violation of his federal constitutional rights. 28 U.S.C. § 2254(a).

Respondents have filed an Answer in which they argue that Harris's claims are meritless. (ECF No. 9). The matter is ripe for disposition.

## B. Discussion

### 1. *Harris Failed to Exhaust His Ex Post Facto Claim*

The federal habeas statute "requires that prisoners exhaust their claims in state court before seeking relief in federal courts." *Slutzker v. Johnson*, 393 F.3d 373, 379 (3d Cir. 2004) (citing 28 U.S.C. § 2254(b)(1)(A)). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). As explained in Rose v. Lundy, 455 U.S. 509, 517 (1982), the exhaustion requirement is:

> principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-491 (1973). Under our federal system, the federal and state "courts [are] equally bound to guard and protect rights secured by the Constitution." *Ex parte Royall*, 117 U.S. [241, 251, 6 S.Ct. 734, 740 (1886) ]. Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Darr v. Burford*, 339 U.S. 200, 204 (1950).

Importantly, in order to exhaust a claim "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The petitioner carries the burden of proving exhaustion of all available state remedies.

The exhaustion requirement became all the more important after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which put into place highly deferential standards of review that a federal court must apply to a state court's findings of facts and its adjudication of a petitioner's federal constitutional claim. 28 U.S.C. § 2254(d) & (e)(1). If

3

the petitioner failed to provide the state court with the opportunity to review his claim on the merits, he is not entitled to *de novo* review in his federal habeas proceeding. Rather, for the reasons set forth below, the claim is unreviewable in federal court and, when there is no longer any available mechanism for the petitioner to exhaust the claim in state court, it must be denied as procedurally defaulted.

In Pennsylvania, a prisoner's claim that the Board violated his *ex post facto* rights when it denied him parole is cognizable in Pennsylvania state courts, beginning with a petition for writ of mandamus in the original jurisdiction of the Commonwealth Court and followed by an appeal to the Pennsylvania Supreme Court. *Parker v. Kelchner,* 429 F.3d 58, 61 (3d Cir. 2005); *Cimaszewski v. Pa. Bd. of Prob. and Parole,* 868 A.2d 416, 422 (Pa. 2005).

As Respondents contend, Harris has not demonstrated that he pursued or completed these required steps. Accordingly, this Court must conclude that he did not exhaust his *ex post facto* claim in state court. Because he did not, this claim is procedurally defaulted for the purposes of federal habeas review. Like the exhaustion doctrine, the doctrine of procedural default is "grounded in concerns of comity and federalism," *Coleman*, 501 U.S. at 730, and it bars federal habeas review of a claim whenever the petitioner failed to raise it in compliance with a state's procedural rules.

2. *Harris's Due Process and Equal Protection Claims Have No Merit*[1]

The Fourteenth Amendment provides that the State may not "deprive any person of life,

---

[1] Unlike Harris's *ex post facto* claim, because it appears that Pennsylvania law does not provide a mechanism by which a prisoner such as Harris can challenge a parole denial based upon due process grounds, Harris likely is exempt from the exhaustion requirement. *Defoy v. McCullough,* 393 F.3d 439, 445 (3d Cir. 2005); *Roman v. DiGuglielmo,* 675 F.3d 204, 209 (3d Cir. 2012) Respondents, recognizing that *Defoy* is controlling precedent, do not challenge Harris's failure to exhaust his claims in state court. Because Harris's due process and equal protection claims plainly have no merit, this Court "need not address the issue of exhaustion" with respect to them. *Id.*

4

liberty, or property without due process of law." U.S. Const. amend. XIV. An examination of a procedural due process claim under the Fourteenth Amendment proceeds in two steps. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 571 (1972). First, the court must determine whether there exists a liberty or property interest which has been interfered with by the state. *Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citing *Board of Regents*, 408 U.S. at 571). Second, and if and only if a petitioner establishes the existence of a protected interest, the court must examine whether the procedures attendant upon that deprivation were constitutionally sufficient. *Id*. (citing *Hewitt v. Helms*, 459 U.S. 460, 472 (1983)). Harris cannot meet either criterion because there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Nebraska Penal and Correctional Complex,* 442 U.S. 1, 7 (1979). Thus, absent the creation of a liberty interest in parole, a state's decision to deny parole does not create any procedural due process protections.

A substantive due process claim based upon alleged arbitrary and capricious action is not easily mounted. *Hunterson v. DiSabato*, 308 F.3d 236, 246–47 (3d Cir. 2002). That is because the relevant level of arbitrariness required in order to find a substantive due process violation involves not merely action that is unreasonable, but rather, something more egregious, which our appellate court has termed at times "conscience shocking." *Hunterson*, 308 F.3d at 246–47. Our appellate court has made clear that "only the most egregious conduct will be considered arbitrary in the constitutional sense." *Id.* at 247–48. *See also Newman*, 617 F.3d at 782 ("Conduct can violate substantive due process if it shocks the conscience, which encompasses only the most egregious official conduct.") (internal quotations and citations omitted). It also has stated: "[F]ederal courts are not authorized by the due process clause to second-guess parole boards and

5

the requirements of substantive due process are met if there is some basis for the challenged decision." *Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001).

Harris has not demonstrated that the Board's decision lacked "some basis." As reflected in its May 22, 2014 decision, he was denied parole because based on an interview, a review of his file, and consideration of the matters set forth in the relevant state statute, the Board determined that, *inter alia*, releasing him on parole presented an unacceptable level of risk to the community. The Board also found that Harris had a prior unsatisfactory parole supervision history, and that he lacked remorse for the offenses committed. Although Harris disagrees with the Board's assessment of him, he has failed to direct the Court to any factor relied upon by the Board that could be described as "conscience shocking." Accordingly, there can be no finding that he is in custody in violation of his substantive due process rights.

Finally, Harris contends that the Board violated his equal protection rights because he has

> met every standard to be released that was in my power. Many reasons for denial of parole will never change. Standards and qualifications are being used that never applied when I originally made Parole. By the statute implemented in 1996 in violation of the original standards I was sentenced under I'm being denied the opportunity to make parole because of classification.

Petition at Page 8, Ground Two.

The Fourteenth Amendment's Equal Protection Clause provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To prevail on an equal protection claim, a petitioner must present evidence that he or she has been treated differently from persons who are similarly situated." *Renchenski v. Williams*, 622 F.3d 315, 327 (3d Cir. 2010), *cert. denied,* 563 U.S. 956 (2011) (quoting *Williams v. Morton*, 343 F.3d 212, 221 (3d Cir. 2003)).

> If state action does not burden a fundamental Constitutional right or target a suspect class, the challenged classification must be upheld if there is any

6

reasonably conceivable state of facts that could provide a rational basis for the classification. If the challenged state action involves a suspect classification based on race, alienage, or national origin, or infringes on a fundamental constitutional right, we must apply the strict scrutiny standard.

*Doe v. Pennsylvania Bd. of Prob. and Parole*, 513 F.3d 95, 107 (3d Cir. 2008) (internal quotation marks and citations omitted)).

Harris's vaguely-stated equal protection claim also has no merit. As Respondents point out, Harris makes a conclusory claim and does not allege any facts that support such a claim. The Board is required by statute to consider certain factors. 61 Pa. C.S. § 6135. The factors considered by the Board to deny Harris parole do not require that he be treated differently than other inmates seeking parole and he has failed to provide any evidence of his alleged disparate treatment from those similarly situated to him.

For all these reasons, the Court recommends that the petition for writ of habeas corpus be denied.

C.   **Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that Harris has failed to substantially allege the denial of a constitutional right, much less show such a denial. Accordingly, it is recommended that a certificate of appealability not be issued.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, the parties are allowed fourteen (14) days after service of this Report and Recommendation, to file written Objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days after date of service to respond to the objections. Failure to file Objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

        s/ Cynthia Reed Eddy
        Cynthia Reed Eddy
        United States Magistrate Judge

Dated: May 27, 2016

cc:     STANLEY HARRIS
       AJ1357
       175 Progress Dr.
       Waynesburg, PA 1537
       (via U.S. First Class Mail)

       Alan M. Robinson
       PA Board of Probation and Parole
       (via ECF electronic notification)