# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY HARRIS, | ) |
| Petitioner, | ) Civil Action No. 2: 14-cv-1191 |
| v. | ) Senior District Court Judge |
| KIMBERLY A. BARKLEY et al., | ) Terrence F. McVerry |
| Respondents. | ) |

**MEMORANDUM ORDER**

Pending before the Court is the Petition for Writ of Habeas Corpus filed by Petitioner, Stanley Harris (ECF No. 4), in which he challenges the decision of the Pennsylvania Board of Probation and Parole to deny him parole. The matter was referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules of Court for Magistrate Judges.

The magistrate judge filed a Report and Recommendation (ECF No. 10) on May 27, 2016, recommending that the Petition for Writ of Habeas Corpus be denied and that no certificate of appealability be issued. Petitioner filed timely objections to the Report and Recommendation. (ECF No. 11). For the reasons that follow, the Court finds that the objections do not undermine the recommendation of the magistrate judge.

1

First, with respect to the challenge to the denial of parole based on a violation of the Ex Post Facto clause, as was explained in the Report and Recommendation, Harris was required to exhaust state court remedies before pursuing federal habeas review. *Parker v. Kelchner*, 429 F.3d 58, 61 (3d Cir. 2005); *Cimaszewski v. Pa. Bd. of Prob. and Parole*, 868 A.2d 416, 422 (Pa. 2005). The writ of mandamus is an avenue available in state courts for Ex Post Facto claims with respect to the denial of parole within the Pennsylvania Commonwealth Court. *Defoy v. McCullough*, 393 F.3d 439 (3d Cir.), *cert denied*, 545 U.S. 1149 (2005).

There is no dispute that Harris did not appeal his parole denial. Thus, he has failed to exhaust state judicial remedies with respect to his Ex Post Facto claim. Because he failed to use the available state court remedy, Harris cannot now assert an Ex Post Facto claim for the first time on federal habeas review.

Moreover, any such challenge is now time-barred under state law, as the time for filing a petition for review with the Commonwealth Court has expired. *See* Pa. R.A.P. 903(a) (notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken). As such, Harris is in procedural default for failure to comply with the state filing requirements. A procedurally defaulted claim cannot be reviewed unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal claim, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Brown v. Pa. Bd. of Prob. and Parole*, 2010 WL 3025617 *2 (E.D. Pa. June 7, 2010).

Harris has neither alleged cause nor prejudice; nor has he demonstrated that the failure to consider this claim will result in a fundamental miscarriage of justice. Accordingly, the challenge by Harris to the decision of the Pennsylvania Board of Probation and Parole based on a violation of the Ex Post Facto clause must be rejected on the ground that he failed to pursue the issue in the state courts and has not established appropriate grounds for this Court to consider his claims in the first instance.

Harris now asks the Court to stay this case while he returns to state court to challenge his 2014 parole violation based on a violation of the Ex Post Facto clause. This request is denied as the time for such a challenge has long ago expired.

As to the challenge to the parole denial based on a due process violation, a liberty interest for purposes of parole would only arise if the parole board made its decision based on constitutionally impermissible reasons such as race, religion, or ethnicity or was rendered in the absence of certain due process protections.[1] Harris does not allege that he was denied parole on the basis of his race, religion or ethnicity or that he was denied due process protections.

After *de novo* review of the petition and documents in the case, together with the Report and Recommendation and the objections thereto, the following order is entered:

---

[1] This would include (i) written notice of the claims violations of parole; (ii) disclosure to the parolee of evidence against him; (iii) opportunity to be heard in person and to present witnesses and documentary evidence; (iv) the right to confront and cross-examine adverse witnesses; (v) a neutral and detached hearing body such as a traditional parole board; and (vi) a written statement by the factfinder as to the evidence relied on and the reasons for revoking

**AND NOW**, this 23rd day of June, 2016:

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus filed by Stanley Harris is **DENIED** and that no certificate of appealability shall issue.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 10) filed May 27, 2016, is adopted, as supplemented herein, as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED.**

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

BY THE COURT:

s/ Terrence F. McVerry
Terrence F. McVerry
Senior District Court Judge

cc: STANLEY HARRIS
AJ1357
175 Progress Dr.
Waynesburg, PA 15370
(via U.S. First Class Mail)

Alan M. Robinson
Pennsylvania Board of Probation and Parole
(via CM/ECF electronic notification)

---

parole. *Morrissey v. Brewer*, 408 U.S. 471, 488-89 (1972).